UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LAMAR BURTON,<br><br>Plaintiff,<br><br>v.<br><br>MUZIRMAN, et. al.,<br><br>Defendants. | Case No. 26-cv-12544<br><br>Honorable Robert J. White |

**OPINION AND ORDER SUMMARILY DISMISSING THE CIVIL RIGHTS COMPLAINT, DENYING THE MOTION FOR INJUNCTIVE RELIEF AS MOOT, AND CERTIFYING THAT ANY APPEAL WOULD NOT BE UNDERTAKEN IN GOOD FAITH**

Before the Court is *pro se* Plaintiff Lamar Burton's prisoner civil rights complaint. (ECF No. 1). Burton is incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan and has been allowed to proceed without prepayment of fees under 28 U.S.C. § 1915(a). (ECF No. 4). The Court has reviewed the complaint and now dismisses it for failure to state a claim upon which relief can be granted and denies Burton's motion for injunctive relief (ECF No. 6) as moot.

*Pro se* complaints are held to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But the Court must dismiss an *in forma pauperis* complaint if it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who

is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint fails to state a claim upon which relief may be granted when it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (cleaned up).

Burton receives mental health treatment for Post-Traumatic Stress Disorder and Bipolar Disorder. (ECF No. 1, PageID.1). Burton alleges that on January 16, 2026, Defendant Muzirman, a nurse practitioner at the Central Michigan Correctional Facility, called him out for a psychological consultation. Burton claims that Muzirman left the door of her office open, thereby running the risk that confidential information regarding his psychiatric conditions would be disclosed. (*Id.*). Burton asked Muzirman to close the door to protect the confidentiality of his psychiatric information, but she refused to do so. (*Id.*).

While Burton continued to talk with Muzirman, he heard a loud burst of laughter from the hallway from Defendant Whitby, a corrections officer. Burton claims that Whitby had been eavesdropping on his private conversation with Muzirman. He again asked Muzirman to close the door to her office, but she refused. (*Id.*). Burton alleges that Muzirman acted recklessly and with deliberate indifference to protect his confidential psychiatric information, although he does not specify what

type of confidential information was disclosed nor does he allege that any inmates were present when he had his conversation with Muzirman.[1] (*Id.* at PageID.2).

Burton further alleges that the other defendants in the complaint failed to process his Step 1 grievance regarding the matter for 3 months. (*Id*. at PageID.2-3). Burton seeks monetary and declaratory relief. (*Id.* at PageID.4).

To state a claim under § 1983, Burton must allege that a person acting under color of state law deprived him of a right secured by the Constitution or federal law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978); *Doe on behalf of Doe #2 v. Metro. Gov't of Nashville & Davidson Cnty.*, 35 F.4th 459, 468 (6th Cir. 2022). Burton's allegations against Muzirman and Whitby do not identify such a deprivation.

The Constitution "does not encompass a general right to nondisclosure of private information." *J.P. v. DeSanti*, 653 F.2d 1080, 1090 (6th Cir. 1981). Rather, "[o]nly when 'fundamental' rights are implicated does a privacy concern take on constitutional dimensions." *Jarvis v. Wellman*, 52 F.3d 125, 126 (6th Cir. 1995). The confidential nature of medical information, standing alone, does not establish a constitutional right against its disclosure. *See id.*; *Doe v. Wigginton*, 21 F.3d 733,

[1] In Burton's later motion for injunctive relief (ECF No. 6), he alleges that an inmate porter was cleaning outside of the office and "eavesdropped" on the conversation with Whitby. He further alleges that the information discussed involved his prior suicide attempts and reasons for those attempts, medications, physical symptoms, and family mental health history. (*Id.* at PageID.23).

740 (6th Cir. 1994) (rejecting an inmate's privacy claim based on disclosure of his HIV status to a corrections officer).

In *Lee v. City of Columbus*, the Sixth Circuit reaffirmed that an informational-privacy claim must implicate a fundamental liberty interest. 636 F.3d 245, 259–61 (6th Cir. 2011). It identified two circumstances in which the court had recognized such an interest: disclosure that could lead to bodily harm, as in *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1061 (6th Cir. 1998), and disclosure of information concerning sexuality that was personal and humiliating, as in *Bloch v. Ribar*, 156 F.3d 673, 684 (6th Cir. 1998). *Lee*, 636 F.3d at 260–61.

The Court recognizes that, in *Moore v. Prevo*, the Sixth Circuit held that inmates have a privacy interest in preventing disclosure of sensitive medical information to other inmates, subject to legitimate penological interests. 379 F. App'x 425, 428 (6th Cir. 2010). That unpublished decision, however, adopted the Third Circuit's reasoning without applying the threshold fundamental-interest analysis required by the Sixth Circuit's published precedent. *Id.* at 427–28. The subsequent published decision in *Lee* reaffirmed that requirement. 636 F.3d at 259–61.

For that reason, *Jones v. Crompton* declined to follow *Moore* when considering an inmate's claim that prison officials disclosed his HIV status to other prisoners. No. 1:13-CV-490, 2013 WL 3967159, at *4–5 (W.D. Mich. Aug. 1, 2013).

The court explained that an interest in maintaining medical confidentiality does not necessarily constitute a fundamental interest protected by the Constitution, and it found *Moore*'s reasoning inconsistent with the published decisions in *DeSanti*, *Wigginton*, and *Lee*. *Id.* The Court finds that reasoning persuasive and likewise follows the fundamental-interest framework required by those published decisions.

Even considering the allegations in the declaration attached to Burton's motion for injunctive relief, his privacy claims fail under that framework. Burton alleges that an inmate porter and Whitby overheard his discussion with Muzirman concerning prior suicide attempts, medications, physical symptoms, and family mental health history. (ECF No. 6, PageID.23). Although those matters are personal, Burton alleges no facts suggesting that their disclosure exposed him to a risk of bodily harm or implicated the interest in shielding sexuality protected in *Bloch*. The alleged disclosure therefore does not implicate a recognized fundamental liberty interest. So, the Court must dismiss Burton's privacy claims against Muzirman and Whitby for failure to state a claim.

Burton is likewise not entitled to relief on his claim that the remaining defendants wrongly denied his administrative grievances. The Sixth Circuit has repeatedly held that the wrongful denial of a prison grievance by a prison official does not violate any federal constitutional right, in the absence of any allegation that the official was involved in the underlying activity that was challenged in the

grievance. *See Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008) (the denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983); *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) (prison officials who were not involved in inmate's termination from his commissary job, and whose only roles involved the denial of administrative grievances or the failure to act, were not liable under § 1983 on a theory that their failure to act constituted an acquiescence in the unconstitutional conduct); *see also Walker v. Michigan Dept. of Corrections,* 128 F. App'x 441, 445 (6th Cir. 2005) (state prisoner did not have constitutionally protected due process right to unfettered access to prison grievance procedures, and, consequently, prisoner was not entitled to relief on his claim under § 1983 that he was arbitrarily denied access to prison's grievance procedures due to modified access procedure); *Keenan v. Marker,* 23 F. App'x. 405, 407 (6th Cir. 2001) (the wrongful denial of a prison grievance does not violate any federal right, "as there is no inherent constitutional right to an effective prison grievance procedure.").

In addition, Michigan law does not create a liberty interest in a prison grievance procedure. *Keenan,* 23 F. App'x at 407 (citing *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)); *see also Proctor v. Applegate,* 661 F. Supp. 2d 743, 767 (E.D. Mich. 2009) (internal citations omitted). Accordingly, the Court dismisses Burton's claim based on Defendants' delay in processing his grievance.

Because the Court dismisses this action, it likewise denies Burton's motion for injunctive relief as moot. (ECF No. 6)

Finally, because the complaint lacks any arguable basis in the law, this Court certifies that any appeal by Plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006) (citing 28 U.S.C. § 1915(a)). Accordingly,

IT IS ORDERED that the complaint is DISMISSED for failing to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that Plaintiff's motion for injunctive relief (ECF No. 6) is DENIED AS MOOT.

IT IS FURTHER CERTIFIED that any appeal would not be undertaken in good faith.

s/Robert J, White__________
Robert J. White
United States District Judge

Dated: October 9, 2026